# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DEWAYNE RIDGEL                                                                                        PLAINTIFF

v.                                          5:17CV00056-JM-JJV

GREG BOLIN, Chief/Head Administrator,
Dub Brassell Detention Center; *et al.*                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Dewayne Ridgel ("Plaintiff") is incarcerated at the W.C. "Dub" Brassell Adult Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges he has been denied adequate access to the law library due to a policy requiring inmates to access the law library using a kiosk. (*Id*. at 4, 12.) Plaintiff asserts there are only two kiosks in his pod and thirteen or more inmates all attempt to use those kiosks during their daily one hour of television time, leaving him with inadequate time to conduct legal research. (*Id*.) After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff's factual allegations are insufficient to state a claim because he has failed to allege an actual injury. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).

To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided "an opportunity to litigate a claim" challenging the prisoner's sentence or conditions of confinement in a court of law. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). In addition, the prisoner must show an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* To prove actual injury, a prisoner must demonstrate that a nonfrivolous legal claim was frustrated or impeded. *Id.* at 832. Plaintiff alleges only that he has been unable to study his case or talk to a lawyer and has appeared in court without counsel or knowledge of what the court is "talking about." (Doc. No. 1 at 12.) These allegations are insufficient to show he was

3

denied an opportunity to litigate a nonfrivolous and arguably meritorious claim.

Plaintiff also alludes to an "unnecessary risk of harm" to him and other inmates caused by the kiosk policy, as inmates "argue and almost fight" over the kiosks during the limited time in which they can access them. (*Id*. at 8.) Again, Plaintiff fails to allege any injury. Although an inmate has an Eighth Amendment right to be reasonably protected from the constant threat of violence from other inmates, *see Williams v. Willits*, 853 F.2d 586, 589 (8th Cir. 1988), he must show that an official's disregard of a known risk "in fact caused his injuries." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Plaintiff refers only to a speculative risk of some possible future injury.

For these reasons, I find Plaintiff's Complaint fails to state a claim to relief that is plausible on its face.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

DATED this 29th day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE